# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Jackson Pavelka, individually and on behalf of the classes, | § § § | |
| Plaintiff, | § § | CA No.: 3:22-cv-02819-L |
| v. | § § § | |
| | § | Class Action |
| Storm Assessment Group and Jose Aguilar | § § § | Jury Demanded |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Jackson Pavelka ("**Plaintiff**") files this action against Storm Assessment Group ("**SAG**") and Jose Aguilar ("**Aguilar**")(SAG and Aguilar each individually a "**Defendant**" and collectively "**Defendants**") and respectfully shows the Court as follows:

1. **Parties.**

   1.1. Plaintiff is, and at all times mentioned herein was, a citizen and resident of this District.

   1.2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

   1.3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

1.4. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

1.5. Defendant SAG is an unincorporated entity operating out of the State of Washington.

1.6. Defendant Aguilar is an individual residing in the State of Washington.

1.7. Defendant Aguilar is the owner of the fictitious company Storm Assessment Group.

1.8. Defendants are and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (39).

1.9. Defendants are and at all times mentioned herein were, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

1.10.    Defendants are and at all times mentioned herein were, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

1.11. Defendant Aguilar participated in the illegal telemarketing by personally designing the calling campaigns and approving the calling campaigns.

1.12.    At all times relevant hereto, Defendant Aguilar, acting in concert with Defendant SAG, has formulated, directed, controlled, had the authority to control, or otherwise participated in the acts and practices set forth in this Complaint.

1.13. Defendant Aguilar had direct, personal participation in and/or personally authorized the conduct that violates the TCPA and which is complained about in this Complaint.

1.14.    Defendant Aguilar "developed or authorized the policies and procedures that led to violations of the TCPA." *Cunningham v. Politi*, No. 4:18 -CV-00362-ALM-CAN, 2020 WL 1808239, at *5 (E.D. Tex. Jan. 26, 2020), report and recommendation adopted, No. 4:18-CV-362, 2020 WL 1703192 (E.D. Tex. Apr. 8, 2020); *Texas v. Am. Blastfax, Inc*., 164 F.Supp.2d 892 (W.D.Tex.2001).

1.15. Discovery will uncover the specific actions taken by Defendant Aguilar.

## 2.  Jurisdiction and Venue.

2.1. The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

2.2. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

2.3. This Court has personal jurisdiction over Defendant SAG because Defendant SAG called a resident of Texas and Defendant SAG makes numerous calls to other residents of Texas.

2.4. This Court has personal jurisdiction over Defendant Aguilar because Defendant Aguilar called a resident of Texas and Defendant Aguilar makes numerous calls to other residents of Texas.

2.5. Defendants are aware that they are calling residents of Texas and dialing into the State of Texas. Defendant took these actions to establish contacts with the State of Texas.

2.6. Venue is proper because the Plaintiff is a resident of this District and Defendants have sufficient contacts in this State and District to subject them to personal jurisdiction. As set forth above, Defendants targeted residents of this District and made calls into this State.

## 3. Nature of Suit

3.1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020). "The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress and state legislatures have been fighting back." *Id.*

3.2.  This action arises out of Defendants', practice of making telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and provisions of the Texas Business & Commerce Code.

3.3.  Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls and was so registered for more than 31 days prior to the calls.

## 4.  The National Do Not Call Registry

4.1.  The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

4.2.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

4.3.  The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations

from the caller. 47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

4.4.   The Federal Communications Commission found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

4.5.   These regulations are codified in part at 47 CFR 64.1200(d)(1)-(7).

4.6.   Specifically, these regulations require a company to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, **and a telephone number or address at which the person or entity may be contacted.** 47 CFR 64.1200(d)(4) (emphasis added).

4.7.   These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they provide the required information. 47

---

[1]   The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-

---

CFR 64.1200(d).

4.8. Accordingly, all telemarketing calls violate the TCPA, unless Defendants can demonstrate that it has provided the required information on each of the calls.

4.9. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

4.10.    These requirements are separate but cumulative.  In other words, a company must comply with both the required information and comply with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

4.11.    Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as

---

not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

well as residential telephones. 47 CFR § 64.1200(e).

5. **Spoofing is Illegal**

5.1. The regulations enforcing and interpreting the TCPA, also require that any person or entity that engages in telemarketing must transmit caller identification information.[2] 47 C.F.R. § 64.1601(e). **This prevents a telemarketer from "spoofing" (using a false identification for their marketing calls) the telephone number from which the telemarketing call is made. Additionally, the regulations require telemarketers to** provide the name of the telemarketer when available by the telemarketer's carrier and the seller's customer service number.

5.2. Here Defendants did not comply with the requirements of 47 C.F.R. § 64.1601(e) as it provided incorrect information regarding the number from which the call was being made.

6. **Texas' Anti Solicitation and Robo-Calling Statutes**

6.1. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration

---

[2] The information required is: (1) the calling party number, "CPN" or automatic numbering information, "ANI"; and (2) the name of the telemarketer. 47 C.F.R. § 64.1601(e).

certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

6.2. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

6.3. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

6.4. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

## 7. General Factual Allegations

7.1. Plaintiff is the user of his cell phone number (XXX) XXX-3822.

7.2. Plaintiff's cellular telephone number is a residential number.

7.3. Plaintiff's cellular telephone number is a telephone number assigned to a

cellular telephone service.

7.4. Plaintiff's cell phone number has been on the National Do-Not-Call Registry since March 18, 2019.

7.5. Plaintiff did not provide prior express written consent (or any consent) to Defendants for the calls made by Defendants to Plaintiff.

7.6. Defendants made telephone solicitations by calling Plaintiff's cellular phone on October 14, 2022, and October 17, 2022.

7.7. The October 14, 2022, call allegedly was from telephone number 469-768-8360. Defendants did this to make it appear Plaintiff was receiving a call from a local number.

7.8. 469-768-8360 is not a working number and Defendants spoofed that number on the October 14, 2022 call.

7.9. The October 17, 2022, call allegedly was from telephone number 972-928-4675. Defendants did this to make it appear Plaintiff was receiving a call from a local number.

7.10. 972-928-4675 is not a working number and Defendants spoofed that number on the October 17, 2022 call.

7.11. During the October 17, 2022 call the caller gave the first name Chris and the company name Storm Assessment Group. Storm Assessment Group is not a registered entity in Texas or Washington; thus, Defendants gave a fictitious name.

7.12.     During the October 17, 2022 call the caller did not provide a telephone number or address at which the caller could be contacted.

7.13.     During the October 17 call the caller attempted to sell roof repairs to Plaintiff. The caller scheduled a roof inspection with the Plaintiff for October 18, 2022.

7.14.     At the inspection Plaintiff learned that it was Builditect Roofing that performed the inspection and was hoping to sell Plaintiff its roof repair services.

7.15.     Courtney Nelson from Builditect Roofing informed Plaintiff that it received Plaintiff's "lead" from Storm Assessment Group.

7.16.     Prior to receiving the calls Plaintiff had no established business relationship with Defendants. To this day Plaintiff does not have an established business relationship with Defendants.

7.17.     Defendants knowingly violated the Texas Business & Commerce Code TCPA when it made the calls to Plaintiff and Defendants' violations were willful.

7.18.     The calls were not made for emergency purposes.

7.19.     Defendants have failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations.  The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendants' registration.

7.20.    Defendants do not qualify for an exemption under § 302.052 through § 302.061 of the Texas Business & Commercial Code or any section of Chapter 302 of the Texas Business & Commercial Code.

8. **Defendant's Liability**

8.1. Because Defendants' calls constitute telemarketing, Defendants were required to obtain prior express consent from the persons to whom Defendants made the calls.

8.2. Plaintiff never provided Defendants with any consent, written or otherwise.

8.3. The TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(e).

8.4. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8.5. A listing on the National Do Not Call Registry "must be honored indefinitely . . . ." *Id.*

8.6. Plaintiff's number was on the National Do-Not-Call Registry for more than 31 days prior to the calls.

8.7. Plaintiff received more than one such telemarketing call in a 12-month

period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C. § 227(c).

8.8. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

8.9. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

8.10.    Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant.  *See* TCPA and Tex. Bus. & Com. Code § 305.053(b).

8.11.    Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or intentional.  *See* TCPA and Tex. Bus. & Com. Code § 305.053(c).

8.12.    Pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

8.13.    Defendant violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State of Texas.

8.14.    Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

8.15.    Pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

8.16.    Plaintiff was harmed by Defendants' actions of calling his residential cellular phone while his number was on the Do Not Call Registry, without consent, in the following manners:

8.16.1.  Plaintiff's privacy was invaded by Defendants;

8.16.2.  Plaintiff was harassed and abused by Defendants' telephone calls;

8.16.3.  Defendants' calls were a nuisance to Plaintiff;

8.16.4.  Defendants' calls used the battery on Plaintiff's cell phone and Plaintiff had to pay to recharge the battery;

8.16.5.  Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendants;

8.16.6. Defendants illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

8.16.7. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendants;

8.16.8. Defendants' seizure of Plaintiff's telephone line was intrusive; and

8.16.9. Plaintiff was inconvenienced by Defendants' calls, by among other things, hearing his ring and having to check the calling party.

8.17.    These forms of actual injury are sufficient for standing and jurisdictional purposes.

## 9.  Class Action Allegations.

9.1.  The proposed Classes satisfy the requirements for a class action.

9.2.  Plaintiff brings the claims for relief alleged in this petition pursuant to Rule 23 on behalf of himself and classes defined as follows:

9.2.1.  "Texas § 302.101 Class"

9.2.1.1.    Since December 16, 2018 through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendants placed (or had placed on their behalf) a telephone solicitation when Defendants did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

9.2.2.  "Texas § 305.053 Class"

9.2.2.1.    Since December 16, 2018 through the date of certification, Plaintiff and all residents of the State of Texas, to whose

telephone number Defendant: (1) placed (or had placed on their behalf) a call in violation of 47 U.S.C. § 227 or a regulation adopted under that provision.

9.2.3.  "TCPA 227(c) Class"

9.2.3.1.     Since December 16, 2018 through the date of certification, all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

9.2.4.  "TCPA Information Class"

9.2.4.1.     Since December 16, 2018 through the date of certification, all persons within the United States to whose telephone number Defendant placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period and did not provide a telephone number or address at which the caller could be contacted.

9.2.5.  The Texas § 302.101 Class, the Texas § 305.053 Class, the TCPA 227(c) and the TCPA Information Class are collectively referred to herein as the "Classes."

9.2.6.  The following persons are excluded from the Classes:

9.2.6.1.     (i) the judge(s) assigned to this case and his or her staff;

9.2.6.2.     (ii) governmental entities;

9.2.6.3.     (iii) Defendant and its affiliates; and

9.2.6.4.     (iv) persons who have previously released Defendant of the claims raised by this case.

9.3.  The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

9.4.  The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

9.4.1.   The time period(s) during which Defendant placed its calls;

9.4.2.   The telephone numbers to which Defendant placed its calls;

9.4.3.   The telephone numbers for which Defendant had prior express written consent;

9.4.4.   The purposes of such calls; and

9.4.5.   The names and addresses of Class members.

9.5.  The Classes are comprised of hundreds, if not thousands, of individuals.

9.6.  There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

9.6.1.   Whether Defendant (or someone acting on its behalf) makes solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

9.6.2.   Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

9.6.3.   Whether Defendant spoofed the telephone numbers from which it was calling;

9.6.4.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

9.6.5.   Whether Defendant should be enjoined from engaging in such conduct in the future.

9.7.  Plaintiff is a member of the Classes in that Defendant placed two or more telemarking calls to his phone in a one-year period when his telephone number was on the National Do-Not-Call Registry.

9.8.  Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

9.9.  Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

9.10.       Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

9.11.       Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

9.12.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

9.13.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

9.14.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

9.15.    Common questions will predominate, and there will be no unusual manageability issues.

## 10. FIRST CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(c) (On Behalf of Plaintiff and the TCPA 227(c) Class)

10.1.    Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

10.2.    Defendants placed, or had placed on their behalf, telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class Members' residential telephone numbers.

10.3.    Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

10.4.    Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

10.5.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

10.6.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## 11. SECOND CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(c) (On Behalf of Plaintiff and the TCPA Information Class)

11.1. Plaintiff and the proposed TCPA Policy Class incorporate the foregoing allegations as if fully set forth herein.

11.2.     Defendants placed, or had placed on its behalf, numerous telemarketing telephone calls to Plaintiff's and TCPA Information Class Members' residential telephone numbers.

11.3. Defendants did so despite not providing a telephone number or address at which the person or entity making the call could be contacted.

11.4.     Defendants did so without complying with the identification and disclosure requirements.  47 C.F.R. § 64.1200(d)(4).

11.5. Defendants placed two or more telemarketing telephone calls to Plaintiff's and the putative TCPA Information Class Members' telephone numbers in a 12-month period without complying with the identification and disclosure requirements.

11.6.    Plaintiff and the putative TCPA Information Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

11.7. Plaintiff and the putative TCPA Information Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## 12. THIRD CAUSE OF ACTION - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiff and the Texas § 302.101 Class)

12.1.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

12.2.    Defendants failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to violated § 302.101 of the Texas Business and Commerce Code.

12.3.    Defendants placed telephone solicitations to Plaintiff's and the Texas § 302.101 Class Members' telephone numbers.

12.4.    Defendants' telephone solicitations were made from a location in Texas or to Plaintiff and the Texas § 302.101 Class Members located in Texas.

12.5.    Plaintiff and the Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of

prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**13. FOURTH CAUSE OF ACTION – Violations of Texas Business and Commerce Code, § 305.053 (On Behalf of Plaintiff and the Texas § 305.053 Class)**

13.1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

13.2.    Defendants placed in a 12-month period at least one and many times more than one telemarketing telephone calls to Plaintiff's and the Texas § 305.053 Class Members' respective telephone numbers.

13.3.    Each of these calls violated 47 U.S.C. § 227 or a regulation adopted under that provision.

13.4.    Plaintiff and the Texas § 305.053 Class Members are entitled to:

13.4.1. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

13.4.2. the greater of $500 for each violation or Plaintiff's actual damages (*see* Tex. Bus. & Com. Code §304.053(b);

13.4.3. the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

**14. Prayer for Relief**

14.1.    Plaintiff prays for the following relief:

14.1.1.  An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing Plaintiff's counsel as Class Counsel;

14.1.2.  An order declaring that Defendants' actions, as set out above, violate the TCPA and the Texas Business and Commerce Code because they are a violation of 47 U.S.C. §§ 227 (c), 47 C.F.R. §§64.1200(c)(4) and/or 47 C.F.R. § 64.1601(e) ;

14.1.3.  An order declaring that Defendants' actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

14.1.4.  An award of statutory damages under the Texas Business and Commerce Code;

14.1.5.  An award of treble damages;

14.1.6.  An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d); and

14.1.7.  All other relief, in law and in equity, to which Plaintiff may be entitled.

## 15. Jury Demand

15.1. Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted:

By:     */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200

The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendants have not yet appeared.

By:     */s/ Chris R. Miltenberger*
       Chris R. Miltenberger